JEFFREY D. NADEL, ESQ.
CA SBN 193012
16000 VENTURA BL. STE. 908
ENCINO, CA 91436
818-784-4914

ATTORNEY FOR DEFENDANT
MASTER MOVING, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW ROJESKI, and ASHELYN ROJESKI,<br><br>Plaintiffs,<br><br>v.<br><br>MASTER MOVING, INC., and BATIA ZELIG,<br><br>Defendants. | CASE # 2:25-cv-01741-DSF-ADS<br><br>ANSWER OF DEFENDANT, MASTER MOVING, INC.; COUNTERCLAIM AS TO MATTHEW ROJESKI<br><br>Hon. Dale S. Fisher, Judge<br>Action filed February 15, 2024 |

COMES NOW DEFENDANT, MASTER MOVING, INC., IN ANSWER TO PLAINTIFFS' COMPLAINT AS FOLLOWS:

1. Defendant admits the allegations at paragraphs 1-2, 4-7, 9-12, 28, 53, 55, 58-60, 66, 71-72, 77, 80-81, 83, and 89-90.

2. Defendant denies the allegations contained in paragraphs 18-24, 37-43, 45-46, 61-63, 67-69, 73-74, 78, 85-87, 91, 93-97, 99-100, and 102-107.

3. Defendant is unable to admit or deny the allegations at paragraphs 3, 8, 13-17, 25-27, 29-36, 44, 47-52, 54, 56-57, 64, 70, 75-76, 79, 82, 84, 88, 92, 98, 101, and 108-111.

//

//

//

FIRST AFFIRMATIVE DEFENSE

4. If Plaintiffs sustained any damage as alleged in the complaint, that damage was proximately caused and contributed to by Plaintiffs in failing to conduct themselves in a manner ordinarily expected of reasonably prudent persons in the conduct of their affairs and business. The comparative negligence and fault of Plaintiffs diminishes any recovery herein.

SECOND AFFIRMATIVE DEFENSE

5. Plaintiffs' complaint fails to state any cause of action sufficient to constitute an action against this answering Defendant, nor a claim for which relief can be granted.

THIRD AFFIRMATIVE DEFENSE

6. The answering Defendant believes and thereon alleges that the injuries and damages alleged to have been suffered by Plaintiffs, if any, in this Complaint were proximately caused or contributed to by the acts or omissions of third parties other than this answering Defendant. It is necessary that the proportion or degree of negligence or fault of each of said persons or entities, whether parties to this action or not, be judicially determined, and that any judgment that might be rendered against this answering Defendant be reduced in proportion to the degree or fault attributed to each and every third person or entity found liable to the Plaintiff herein. As against such third person and/or entity, whether served or not in this action, whose acts or omissions are found to have proximately caused or contributed in any fashion to the injuries, if any, alleged to have been suffered by the Plaintiffs herein, this answering Defendant reserves the right to Counterclaim and/or move for judgment against each such person or entity.

FOURTH AFFIRMATIVE DEFENSE

7. No person or entity referenced in the Complaint or named as a party was authorized to act as agent of Defendant at any time referenced therein.

FIFTH AFFIRMATIVE DEFENSE

8. Plaintiffs failed to mitigate damages. To the extent that the Plaintiffs failed to mitigate, minimize or avoid any of the damages they allegedly sustained, any recovery against Defendants must be reduced by that amount.

//

SIXTH AFFIRMATIVE DEFENSE

9. The work and/or activities of Defendants were done in a professional and satisfactory manner.

SEVENTH AFFIRMATIVE DEFENSE

10. Plaintiffs have released Defendant from any and all liability and form any all rights to recover under each and every claim alleged in the Complaint.

EIGHTH AFFIRMATIVE DEFENSE

11. Plaintiffs are impermissibly seeking inconsistent remedies.

NINTH AFFIRMATIVE DEFENSE

12. The contract amongst the parties limits liability and controls the extent of recovery entitled by the Plaintiffs.

TENTH AFFIRMATIVE DEFENSE

13. Plaintiff is not entitled to the recovery of attorney's fees.

ELEVENTH AFFIRMATIVE DEFENSE

14. The bill of lading constitutes the contract between the Defendant and the real party in interest, to wit, the owner or consignor of the goods claimed in the Complaint.

TWELFTH AFFIRMATIVE DEFENSE

15. The Carmack Amendment to the Interstate Commerce Act, 49 USC Section 14706, et. seq., the Code of Federal Regulations, California Commercial Code, the Uniform Commercial Code, and the tariff provisions limits and preempts Plaintiffs' common law and state statutory claims.

THIRTEENTH AFFIRMATIVE DEFENSE

16. As a separate and distinct affirmative defense, Defendant allege that all or portions of the claims set forth in the Complaint are barred by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure sections 337, 338, 339, 340, 343, and California Business and Professions Code sections 16750.1 and 17208. Further, the time for filing a claim, in accordance with the motor carrier's tariff bars the recovery after nine (9) months from the damages being alleged.

PRAYER

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing by its complaint herein;

2. That Defendant be awarded its costs of suit incurred herein;

3. For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

*/s/ Jeffrey D. Nadel*

DATED: September 15, 2025

BY:____________________________
JEFFREY D. NADEL
Attorney for Defendant,
Master Moving, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 15, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the District Court's CM/ECF system.

*/s/ Jeffrey D. Nadel*

JEFFREY D. NADEL, ESQ., SBN 193012
16000 VENTURA BL. STE. 908
ENCINO, CA 91436
818-784-4914
ATTORNEY FOR DEFENDANT,
MASTER MOVING. INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW ROJESKI, and<br>ASHELYN ROJESKI<br>Plaintiffs,<br>vs.<br>MASTER MOVING, INC., and<br>BATIA ZELIG<br>Defendants. | Case No. 2:25-cv-01741-DSF-ADS<br><br>COUNTERCLAIM OF MASTER MOVING, INC. FOR BREACH OF WRITTEN CONTRACT AND QUANTUM MERUIT |
| MASTER MOVING. INC.,<br>Counter Claimant,<br>v.<br>MATTHEW ROJESKI,<br>Counterclaim Defendant. | Hon. Dale S. Fisher, Judge<br>Action filed February 15, 2024 |

TO ALL PARTIES:

PLEASE TAKE NOTICE that MASTER MOVING, INC. ("Counter Claimant") counterclaims to Plaintiffs' original complaint and alleges as follows:

//

//

//

## JURISDICTION AND VENUE

1. This action is a counterclaim to the case assigned in this District.

2. Venue is proper as the claims brought in this counterclaim are against a counter defendant in this venue.

## PARTIES

3. MASTER MOVING, INC. ("COUNTER CLAIMANT") is a California corporation licensed by the United States Department of Transportation as a carrier of household goods.

4. MATTHEW ROJESKI ("COUNTER DEFENDANT") contracted with COUNTER CLAIMANT for moving services.

## FIRST CAUSE OF ACTION

(Breach of Written Contract)

5. COUNTER CLAIMANT hereby incorporates each and every allegation as contained in paragraphs 1 through 4, inclusive, as set forth above.

6. COUNTER CLAIMANT and COUNTER DEFENDANT entered into a written Agreement for relocation services of used household goods. COUNTER DEFENDANT was to be the shipper, relocating from the State of Oregon to the State of West Virginia. Said relocation was to take place during the period of December, 2023 through January, 2024.

7. COUNTER DEFENDANT entered into an estimate for service in which he acknowledged that there may be a "shuttle service" price requirement. Further, COUNTER DEFENDANT signed an agreement in which the agreement including a statement that read: "If the origin/destination does not have access for an 18 wheeler the shipper may be required to pay for shuttle service." COUNTER DEFENDANT further agreed to pay for storage should any storage service become necessary.

8. COUNTER DEFENDANT has not paid the balance of the bill of lading contract for moving services entered into during December, 2023 between himself and COUNTER CLAIMANT.

9. COUNTER CLAIMANT has maintained a tariff, as required by the United States Department of Transportation pursuant to Title 49 of the United States Code, Section 13702. Said tariff provides reasonable rates for shipping, packaging, shuttle service and storage terms. The storage has been provided by COUNTER CLAIMANT since January, 2024 and remains unpaid by COUNTER DEFENDANT. The storage fees continue to rise as COUNTER CLAIMANT has continued to store the goods.

10. COUNTER CLAIMANT is entitled to a recovery of not less than $10,000 for the unpaid shuttle service fees, storage fees, and transportation fees, in an exact amount to be determined at the time of trial or according to proof.

## SECOND CAUSE OF ACTION

(Quantum Meruit)

11. COUNTER CLAIMANT repeats and realleges the general allegations, Paragraphs 1 through 10 by reference as though fully set forth at length herein.

12. COUNTER CLAIMANT is informed and believes and thereon alleges that COUNTER DEFENDANT breached his obligations under the terms of the shipping agreement to West Virginia, to pay for the services rendered. Incidental to the services were pickup and storage of belongings and personal goods of COUNTER DEFENDANT. Such services were provided at the request of COUNTER DEFENDANT.

12. As a result of the breaches of contract for storage and for services rendered since 2023, COUNTER CLAIMANT has been damaged in the amount to be determined at the time of trial.

## PRAYER

Wherefore COUNTER CLAIMANT respectfully requests the Court to enter judgment as follows:

1. COUNTER CLAIMANT shall recover from COUNTER DEFENDANT general damages according to proof for breach of contract;

2. COUNTER CLAIMANT shall recover from COUNTER DEFENDANT general damages according to proof for quantum meruit;

3. For reasonable attorney's fees and the cost of suit herein; and

4. For such general relief as to which this Honorable Court may find the COUNTER CLAIMANT entitled.

Respectfully submitted,

***/s/ Jeffrey D. Nadel***

DATED: September 15, 2025 BY:__________________________
JEFFREY D. NADEL
ATTORNEY FOR DEFENDANT,
MASTER MOVING, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 15, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the District Court's CM/ECF system.

*/s/ Jeffrey D. Nadel*